IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE HENRY PITTS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:17-cv-388-WKW-SRW |
| | ) |
| BULLOCK CORRECTIONAL FACILITY, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**ORDER AND AMENDED
REPORT AND RECOMMENDATION[1]**

It is hereby

ORDERED that the court's report and recommendation dated May 6, 2019 (Doc. 10) is VACATED, and the court issues the following amended report and recommendation.

Plaintiff Willie Henry Pitts, proceeding *pro se*, initiated this lawsuit on June 14, 2017, by the filing of a civil rights complaint against multiple prison facilities for alleged constitutional violations during the time of his incarceration.[2] (Doc. 1). Plaintiff filed an application to proceed in district court without prepaying costs and fees. (Doc. 2). Pursuant to 28 U.S.C. § 1915,

---

[1] By order entered September 13, 2017, the District Judge referred this case to the undersigned for consideration and disposition or recommendation on all pretrial matters. (Doc. 7).

[2] The case was initially docketed by the Clerk as a prisoner civil rights complaint under 42 U.S.C. § 1983. After requesting supplementation from plaintiff and upon review by the court, the court directed the Clerk to correct the docket to reflect that the case was a regular *pro se* civil rights complaint. *See* Doc. 6.

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). The court granted plaintiff *in forma pauperis* status, and directed that he file an amended complaint that "establishes this court's subject matter jurisdiction, demonstrates the propriety of venue in this judicial district, and sets out allegations of fact and legal claims in a manner that is consistent with the Federal Rules of Civil Procedure, and especially Rules 8, 9, 10 and 11, as applicable." (Doc. 8 at 3). The court further directed that the amended complaint must include: (1) the specific constitutional or statutorily protected rights that allegedly were violated by defendant's actions, (2) each defendant's specific actions resulting in such alleged violations, and (3) the relevant dates of all such actions." *Id.* at 5. Plaintiff filed an amended complaint. (Doc. 9). Upon its review of the amended complaint, the court finds that plaintiff's amended complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In relevant part, § 1915(e) provides: "the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim on which relief may be granted … ." 28 U.S.C. § 1915 (e)(2)(B)(ii).

"Federal Rule of Civil Procedure 12(b)(6) standards govern [a court's] review of dismissals under section 1915(e)(2)(B)(ii)[.]" *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Jones v. Brown*, 649 F. App'x 889, 890 (11th Cir. 2016) (citing *Mitchell*, *supra*) ("We review the district court's dismissal for failure to state a claim for

which relief may be granted pursuant to § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6).")). In considering a Rule 12(b)(6) motion, the court

> must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007). *Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, in order to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Id.* This court has reviewed plaintiff's amended complaint in light of the foregoing principles.

In his amended complaint, plaintiff alleges that he was sentenced to prison for 22 years for attempted murder. (Doc. 9 at 1). He claims that he did not do all that they said he did. *Id.* He says he was put in the electric chair for something he did not do, and paid a price he did not deserve. *Id.* at 2. He is suing for $999,99, 999,000,000, nearly a quadrillion dollars. *Id.* at 1–2. He states that he is suing everybody for everything they did to him. *Id.* at 2. He lists multiple Alabama state prisons in which he alleges he was incarcerated over 27 years. *Id.* at 3.

In his amended complaint, plaintiff fails to name any individual in his lawsuit, or give any factual detail of what was purportedly done to him. On the back of the envelope in which he mailed his complaint, he states that one of his sentences was for three months, but he was incarcerated for five years. *Id.* at 5. He does not include this allegation in his pleading, nor does he identify which sentence, when it occurred, or where it occurred. He

3

states that he is suing for alleged unspecified wrongs during his time of incarceration between 1994 and 2013 and possibly for years after 2013. *Id.* at 2.

Like his initial complaint, most of Plaintiff's amended complaint is rambling and unintelligible. Moreover, the plaintiff names only prison facilities as defendants. However, a state correctional facility is merely a building which is not a legal entity, *see Dean v. Barber*, 951 F.2d 1210, 1214 (11thCir. 1992), nor "a 'person' within the meaning of § 1983[,]"and, therefore, is not subject to suit or liability in a 42 U.S.C. § 1983 action. As to the plaintiff's identification of 2013 as the date on which the alleged violation(s) of his constitutional rights last occurred, any claims for relief presented by the plaintiff arising from actions which occurred on or before June 14, 2015 (two years prior to the filing of the initial complaint) are barred by the two-year period of limitations applicable to 42 U.S.C. § 1983 actions filed in this court. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (The proper statute of limitations for § 1983 suits is the forum state's general or residual statute of limitations for personal injury actions.); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the §1983 action has been brought.); *Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985). The plaintiff's claim was brought in Alabama where the governing limitations period is two years. *See* Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claims heard, plaintiff was required to file his lawsuit within two years from the date the limitations period began to run. Thus, those

4

claims Pitts seeks to present regarding actions that occurred before June 14, 2015, are barred by the applicable two-year period of limitations.

Generally, the statute of limitations is raised as an affirmative defense. However, when a plaintiff proceeds *in forma pauperis* in a civil action, the court may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Ga. Pardons & Parole Bd.*, 915 F. 2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F. 2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at n.2.

Plaintiff makes a vague reference to violations occurring "possibly for years after 2013," *see id.* at 2, but such an allegation is too nebulous to establish a valid claim. Also, even if the court were inclined to consider plaintiff's vague reference to alleged wrongs occurring more recently than 2013 – and thus, potentially within the statute of limitations – the amended complaint still fails, as plaintiff's rambling and incoherent allegations, offered without any supporting factual detail, fail to pass muster under Federal Rules of Civil Procedure 8, 9 and 10.[3]

---

[3] Further, it is worth noting that this is not the first time in this court that plaintiff has unsuccessfully filed lawsuits against Alabama prisons. *See Pitts v. Staton Corr. Facility*, Case No. 2:00-cv-994-MHT-SRW; *Pitts v. Bullock Corr. Facility*, Case No. 2:16-cv-962-WHA-SRW; *Pitts v. Bullock Corr. Facility*, Case No. 2:17-cv-376-WKW-SRW. Because the complaints in those actions are similarly lacking in factual detail, it is difficult for the court to discern if plaintiff is merely attempting to raise the same issues in the instant amended complaint as in those prior actions.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this matter be DISMISSED prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B). It is further

ORDERED that **on or before May 21, 2019**, plaintiff may file an objection to this Amended Report and Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 7th day of May, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge